UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------- x
                                                   :

**Timothy P. Stoops,**                        :

           *Plaintiff*,                   : Civil Action No. 1:24-163

               v.                       : COMPLAINT

**Millcreek Township School District**  :

           *Defendant.*            : Jury Trial Demanded

---------------------------------------------------------- x

## COMPLAINT

### NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This is an individual action under Title VII of the Civil Rights Act of 1964 (Title VII), as amended (42 U.S.C. §2000 et seq.), and the Pennsylvania Human Relations Act (PHRA), as amended (43 Pa. C.S.A. §951 et seq.), to correct unlawful employment practices on the basis of sex discrimination and to make Plaintiff whole.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and, for supplemental state claims, 28 U.S.C. §1367. This action is authorized and instituted pursuant to Title VII and the PHRA.

3. The actions and policies alleged to be unlawful were committed in and around Millcreek Township, PA, where Plaintiff worked and where Defendant is located. Therefore, this

action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

4. Plaintiff exhausted his administrative remedies by filing with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission within the respective statutory periods (300 days / 180 days) following the complained-of acts. Plaintiff received a Right to Sue letter from the EEOC and is filing this action within 90 days of receiving the Right to Sue letter.

5. At all relevant times, Defendant has been subject to the prohibitions against sex discrimination in Title VII and the PHRA.

## PARTIES

6. Plaintiff Timothy P. Stoops (hereinafter referred to as "Plaintiff" or "Stoops") has resided at all relevant times at 3678 Westlake Road, Erie, PA 16505. Plaintiff was employed by Defendant Millcreek Township School District from in or about August 1996 until in or about mid-April 2023 in a variety of positions including teacher, administrator and school principal.

7. Defendant Millcreek Township School District (hereinafter referred to as "Defendant" or "the School District"), maintains its administrative offices at 3740 West 26th Street, Erie, PA 16505.

8. At all relevant times, Defendant has been subject to Title VII and the PHRA.

9. Defendant is an employer within the meaning of Title VII and the PHRA.

## BACKGROUND AND STATEMENT OF CLAIMS

10. Plaintiff began his employment with Defendant as a High School English Teacher in or about August 1996.

11. Over the course of his nearly 30 years with Defendant Plaintiff held the positions of teacher, administrator, principal and, over the last two years of his employment, Director of Assessment and Alternative Learning.

12. Plaintiff performed his jobs satisfactorily with often distinguished and exemplary evaluations throughout his employment.

13. In or about mid-April 2023, Plaintiff met with Dr. Ian Roberts, Superintendent. In attendance were other administrators as well.

14. Dr. Roberts informed Plaintiff that his position as the Director of Assessment and Alternative Learning was being eliminated. It was stated by Dr. Roberts that this was due to budget cuts.

15. Dr. Roberts' statement about the need to eliminate the position contradicted his oft-repeated statement to Plaintiff that the position was to be a three-year position funded by COVID-19 ESSERS government money.

16. The three years for this position had not yet run.

17. Plaintiff was told that he was eligible to apply for open principal positions for Defendant's middle school and high school.

18. In May 2023, the positions became available.

19. Plaintiff applied for the positions.

20. Plaintiff was qualified for the position of principal in either the middle school or high school, and had previously served in both capacities within the MTSD.

21. Plaintiff was more qualified on the basis of education, experience and performance for either position than any of the other applicants for these positions.

22. On or about May 15, 2023, Plaintiff was informed he was not selected for one of the positions.

23. Plaintiff was not given a reason why he was not selected other than he was not the recommended candidate for hire.

24. Instead of placing Plaintiff in either of these principal positions Defendant placed two females who were less qualified than Plaintiff for these positions.

25. Plaintiff was initially told that his position was being eliminated due to budget constraints.

26. However, on or about May 22, 2023, during a school board meeting, Plaintiff was told that his position was not being eliminated due to budget constraints but, rather, that Defendant was realigning the upper management positions.

27. Plaintiff was not offered any of the realigned positions or even told he could apply for one of them.

28. Plaintiff was not offered either of the principal positions because of his sex, male, and a preference for females.

29. Defendant was motivated in selecting the two females for the positions, not Plaintiff, because of a bias against males and in favor of females.

30. This was sex discrimination.

31. The sex discrimination produced tangible job detriment (loss of pay; loss of promotional opportunities; lost benefits; out-of-pocket expenses; and loss of potential additional years of service in the Pennsylvania School Employees Retirement System), and emotional distress.

32. Defendant's actions were and are in violation of the prohibitions in Title VII and the PHRA against sex discrimination.

33. Defendant knew its actions were in violation of Title VII and the PHRA.

## COUNT I:  SEX DISCRIMINATION (TITLE VII/PHRA)

34. Plaintiff hereby incorporates by reference Paragraphs 1 through 33 of his Complaint as though the same were more fully set forth herein.

35. Plaintiff is in a protected group (male).

36. Plaintiff is qualified for the positions in question (Middle School Principal / High School Principal).

37. Plaintiff suffered an adverse employment action (termination of position, failure to place in available position(s)) on the basis of a false reason (pretext), namely, that his position was being eliminated and based on his not being selected for available positions for which he was the best qualified.

38. Plaintiff was treated less favorably than female workers in similar circumstances who had comparable or inferior qualifications, experience, and performance.

39. Defendant's motive in terminating Plaintiff's position and not offering him either of the available principal positions was sex discrimination and a preference for female workers.

40. Defendant's actions are a violation of Title VII and PHRA.

41. Defendant's violations of the law were knowing and willful.

42. Plaintiff has suffered lost wages, loss of future earnings and loss of benefits as a result of the unlawful actions by Defendant.

43. Plaintiff is seeking lost wages, liquidated damages, lost benefits (including retirement and health benefits), attorney's fees and costs.

## **GENERAL PRAYER FOR RELIEF**

44. WHEREFORE, Plaintiff respectfully requests that this Court:

    A.  Order Defendant to make Plaintiff whole by paying monetary damages, interest and other affirmative relief necessary to eradicate the effects of its deprivation of Plaintiff's civil rights and its other unlawful actions.

    B.  Order Defendant to pay compensatory damages to Plaintiff for the injuries to his reputation, and the emotional distress, sustained as a result of Defendant's illegal actions.

    C.  Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.

    D.  Defendant's violations of the law were knowing and willful and with malicious intent. Plaintiff is therefore also seeking punitive damages under Title VII.

Respectfully submitted,

s/Joseph H. Chivers

7

        Joseph H. Chivers, Esquire
        PA ID No. 39184
        The Employment Rights Group, LLC
        First & Market Building
        Suite 650
        100 Firs Avenue
        Pittsburgh, PA  15222-1514
        (412) 227-0763
        jchivers@employmentrightsgroup.com

        *Counsel for Plaintiff*
        *Timothy P. Stoops*

DATED: June 10, 2024